UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THAT R.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C19-979-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by failing to fully develop the record and in discounting his own testimony. Dkt. 10 at 1-2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 35 years old, has a high school diploma and three years of college education, and has worked as a fast-food restaurant manager and customer service representative. Tr. 169-70, 183-84. In May 2015, he applied for benefits, alleging disability as of February 26, 2013. Tr. 242-43, 391-96. Her applications were denied initially and on reconsideration. Tr. 290-96, 303-14. The ALJ conducted hearings in August and November 2017 (Tr. 149-91), and

subsequently found Plaintiff not disabled. Tr. 52-68. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-5.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff's severe impairments include degenerative disc disease of the thoracic and lumbar spine; history of a traumatic brain injury; migraine headaches; neurocognitive disorder; major depressive disorder; generalized anxiety disorder; somatic symptom disorder; posttraumatic stress disorder; and opioid use disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work, with additional limitations: he can frequently balance and occasionally climb, stoop, kneel, crouch, and crawl. He can perform work in which concentrated exposure to extreme cold, vibration, or hazards is not present. In order to meet ordinary and reasonable employer expectations, he can understand, remember and carry out unskilled, routine, and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. He can cope with occasional work setting change and occasional interaction with supervisors. He can work in proximity to co-workers, but not in a team or cooperative efforts. He can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact is not precluded. Within these parameters, he can meet ordinary and reasonable employer expectations regarding attendance, production, and workplace behavior, and can persist, focus, concentrate and maintain an adequate pace in two-hour increments.

**Step four:** Plaintiff cannot perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 52-68.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER PROCEEDINGS - 2

**DISCUSSION**

At the first administrative hearing, wherein Plaintiff was not represented, the ALJ noted Plaintiff's record was not complete. Tr. 151-57. The ALJ asked Plaintiff for information about his providers and told him she would get his records and continue the hearing. *Id*. At the second administrative hearing, almost four months later, Plaintiff was again unrepresented and the ALJ again noted the record was incomplete. Tr. 163-64. The ALJ again questioned Plaintiff about his treatment and indicated she needed to update the record. Tr. 181-82, 190.

After the second hearing, Plaintiff submitted additional records, which the ALJ admitted into the record. *See* Tr. 899-986. The ALJ also obtained additional medical records (Tr. 807-98), and gave Plaintiff an opportunity to review that evidence and respond. *See* Tr. 527-28. After the ALJ's decision was entered, Plaintiff submitted more records, which the Appeals Council refused to exhibit, and found the evidence did not show a reasonable probability of changing the outcome of the ALJ's decision. Tr. 1-106.

Despite all of the additional medical evidence now included in the record, the record does not contain two categories of evidence Plaintiff now contends were erroneously not obtained: the treatment notes of Richard Reinking, Ph.D., who provided several opinions regarding Plaintiff's ability to work during the adjudicated period (Tr. 607-10, 639-44), and the more recent counseling notes from Compass Mental Health. Evidence that is in the record references Dr. Reinking's treatment notes and the testing he performed. *See, e.g.*, Tr. 607-09, 612-13. The evidence also shows Plaintiff had been attending therapy at Compass Mental Health since March 2017, and Plaintiff's counselor wrote a letter in May 2017 (Tr. 806), but no treatment notes from that therapy were considered by the ALJ, even though Plaintiff testified at the November 2017 administrative hearing he was receiving ongoing therapy there. Tr. 174. The ALJ indicated

during the second administrative hearing she needed to see the counselor's therapy notes (Tr. 163-64, 182-83), but the ALJ only considered Compass Health intake notes and treatment goals through April 2017 (Tr. 807-25).

The lack of treatment notes from Dr. Reinking and Compass Mental Health affected the ALJ's decision because the ALJ discounted medical opinions and Plaintiff's allegations of mental limitations based on lack of treatment records and/or the ALJ's belief Plaintiff had engaged in minimal mental health treatment. *See* Tr. 63-64. The Commissioner acknowledges the ALJ did not consider all of Plaintiff's treatment notes, but suggests the ALJ's consideration of the available opinions sufficed to discharge the ALJ's duty. Dkt. 11 at 5. The Court cannot agree, because the ALJ was aware of the incomplete records and did not obtain them, and yet cited a lack of records as a reason to discount medical opinions and Plaintiff's testimony. The ALJ's statements at the administrative hearing show the record was inadequate at least as to the Compass Health notes (Tr. 163-64, 182-83), and the record itself references missing treatment notes from Dr. Reinking (Tr. 607); despite this, the Commissioner never entirely cured this inadequacy. Accordingly, the Court finds the ALJ failed to comply with her duty to fully and fairly develop the record, which is heightened in this case in light of Plaintiff's lack of representation during the administrative process as well as his mental limitations. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Because the ALJ must reconsider Plaintiff's RFC and subjective testimony on remand, in light of the updated record, the Court does not assess the ALJ's analysis of Plaintiff's subjective testimony in the current decision because this issue should also be reassessed on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

**REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should obtain the treatment notes from Richard Reinking, Ph.D., and Compass Mental Health, and reconsider Plaintiff's testimony and RFC in light of that new evidence, develop the record as needed, and reconsider any other parts of the decision as necessary.

DATED this 30th day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge